**NOT FOR PUBLICATION**

FILED

OCT 04 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10146 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00751-DKW |
| v. | |
| AJ WILLIANDER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick K. Watson, District Judge, Presiding

Submitted September 27, 2016[**]

Before:     TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

AJ Williander appeals from the district court's judgment and challenges the

46-month sentence imposed following his guilty-plea conviction for conspiracy to

interfere with commerce by bank robbery, in violation of 18 U.S.C. § 371; and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

bank robbery by use of a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a), (d), and 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Williander contends that the district court erred by relying on unverified information and improper factors in denying his request for a mitigating role adjustment under U.S.S.G. § 3B1.2. We disagree. The record reflects that the district court considered only proper factors and relied upon the presentence report's unchallenged account of the facts underlying the robbery. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015); *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc) (a "district court may rely on undisputed statements in the PSR at sentencing"). Moreover, the district court did not clearly err in denying an adjustment because Williander knowingly transported his codefendants to and from the robbery in exchange for a portion of its proceeds. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015); *United States v. Cantrell*, 433 F.3d 1269, 1282-83 (9th Cir. 2006).

Williander also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Williander's criminal history and the nature of the offense. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**